THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARUE PERKINS,

    Plaintiff,

vs.                                                CASE NO: 3:10-cv-851-J-37TEM

ROBERT TOLEN, individually;
JOHN RUTHERFORD, in his official capacity
as Sheriff of the Consolidated City of
Jacksonville, Florida; and
JAX LANES, INC.,

    Defendants.
_____

# REPORT AND RECOMMENDATION[1]

This case is before the Court on Former Defendant Jax Lanes, Inc.'s (Jax Lanes) Amended Verified Motion to Tax Costs (Doc. #87, Motion to Tax Costs). The instant motion was referred to the undersigned by the Honorable Roy B. Dalton, Jr., for issuance of a report and recommendation. Upon consideration of Jax Lanes' request and the applicable case law, and for reasons stated, it is respectfully **RECOMMENDED** that the Motion to Tax Costs be **GRANTED IN PART AND DENIED IN PART**.

Plaintiff Larue Perkins (Plaintiff) filed this action, alleging various civil rights violations (Doc. #1, Complaint, at 6-14). On February 1, 2012, Jax Lanes filed a Motion for Summary Judgment (Doc. #38). Plaintiff filed a response on February 21, 2012 (Doc. #46). The Motion for Summary Judgment was granted by the District Court on May 10, 2012 (Doc.

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

#72). Thereafter, on May 24, 2012, Jax Lanes sought taxation of its costs (Doc. #84); an amended version of this motion was filed on May 31, 2012 and is now before this Court. *See generally* Motion to Tax Costs.

Jax Lanes seeks costs totaling $3,093.64. *Id.* at 4. If Plaintiff objected to the sought award, a written response should have been filed by June 14, 2012. *See* M.D. Fla. Loc. R. 3.01(b). The period for Plaintiff's response has expired with no opposition filed.

**Standard for Taxation of Costs**

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). Congress has expanded on what costs are recoverable under Rule 54(d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920. Awarding costs pursuant to 28 U.S.C. § 1920 resides within the sound discretion of this Court. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-44 (1987). However, the Court has no discretion to award those costs not enumerated. *Id.*; *see also EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Hence, the Court has discretion as to the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation fo court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Jax Lanes is the prevailing party and thus entitled to costs. *See id.* Jax Lanes seeks a total of $3,093.64 for depositions taken, photocopies made, records retrieved, witness fees, and mediation expenses. Motion to Tax Costs, Ex. A.

### *Deposition Costs*

Jax Lanes seeks $2,211.90 in costs associated with depositions taken. *Id.* "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(2). However, whether to tax the costs of a deposition necessarily turns upon the factual question of whether the deposition was "necessarily obtained for use in the case." *Id.*; *see also W&O*, 213 F.3d at 621. Use of the deposition at trial is a sufficient, but not a necessary, condition in answering the question of whether a deposition was "obtained for use in the case." *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009). Indeed, all that is required to satisfy the question of whether a deposition was "obtained for use in the case" is for the party to have used the deposition in support of a summary judgment or to have taken the deposition at a time when it was necessary to the issues in the case. *See id.*; *see also Ferguson v. Bombadier Serv. Corp.*, Nos: 8:03-cv-539-T-31DAB *et al*, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) ("[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success . . . .") (citations omitted).[2] Given that both parties presumably have equal knowledge of the basis for each

---

[2] Unpublished opinions may be cited throughout this report and recommendation as persuasive on a particular point. The Court does not rely on unpublished opinions as

3

deposition, the prevailing party will be granted the costs of said deposition unless the non-prevailing party can adduce sufficient reasons detailing why the deposition was not "necessarily obtained for use in the case." *See Monelus*, 609 F. Supp. 2d at 1337 (citing case law).

Here, Jax Lanes seeks to recover costs related to the taking of four separate depositions. Motion to Tax Costs, Ex. A. The details of one such deposition reveal that costs are sought for reporter attendance fees, transcript costs, transcript copy costs, E-transcript costs, as well as the cost of various exhibits. *Id.* Review of the record in this case reveals at least three of the depositions in Jax Lanes' Motion to Tax Costs were used as support in summary judgment motion practice (*see* Docs. #39, #40, #48, #51). Moreover, because instant motion has gone unopposed--a fact of some significance--the Court finds the $2,211.90 sought should be allowed. *See W&O*, 213 F.3d at 621 ("Accordingly we find that the district court did not abuse its discretion in taxing the costs for those depositions for which there is no other challenge . . . ."); *Monelus*, 609 F. Supp. 2d at 1338-39 (finding that despite a lack of clarity as to whether the defendant could recover certain amounts, the lack of opposition weighed in favor of allowing defendant to recover under 28 U.S.C. § 1920).

*Photocopy Costs*

Jax Lanes also seeks $120.80 in unspecified photocopying costs. Like deposition

---

precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

4

costs, "the costs of photocopies are recoverable if the copies were necessarily obtained for use in the case." *Monelus*, 609 F. Supp. 2d at 1335; *see also W&O*, 213 F.3d at 622-23. Unlike deposition costs, "[t]he party moving for taxation of costs must present evidence 'regarding the documents copied including their use or intended use.'" *Monelus*, 609 F. Supp. 2d at 1335 (quoting *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). Whereas both parties are aware of the basis of a deposition, "the prevailing party *alone* knows the purpose of the copies;" thus, the "prevailing party *must* provide information regarding the purpose of the copies charged" so that the Court may address the relevant factual issues. *Monelus*, 609 F. Supp. 2d at 1335 (emphasis added) (citations omitted). Thus, among other non-recoverable costs, it has been held that nondescript general copying costs are typically unrecoverable. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

Here, Jax Lanes has offered no explanation for why its photocopy costs fall within 28 U.S.C. § 1920. *See generally* Motion to Tax Costs, Ex. A. Moreover, no information is provided as to what documents were copied that cost $120.80. While the Court would be inclined to find this an error that would prevent recovery of these costs, the lack of opposition is a consideration which this Court finds to be of significant weight in this case. *Cf. W&O*, 213 F.3d at 621 ("Accordingly we find that the district court did not abuse its discretion in taxing the costs for those depositions for which there is no other challenge . . . ."); *Monelus*, 609 F. Supp. 2d at 1336, 1338-39 (finding that the lack of opposition weighed in favor of allowing defendant to recover under 28 U.S.C. § 1920). Accordingly, despite the lack of evidence for this request, the Court finds that it should be granted. This conclusion is bolstered by the *de minimis* amount sought for the photocopies and the

undersigned's finding that the balance of equities and the allocation of judicial resources weighs in favor of allowing Jax Lanes to recover the reasonable cost of their photocopies with the admonishment that, in the future, they hue closer to the plain text of 28 U.S.C. § 1920.

However, the conclusion that the photocopy costs are recoverable does not answer the question of their reasonableness. *See Monelus*, 609 F. Supp. 2d at 1336. Within the Middle District, and the Eleventh Circuit generally, there is broad consensus that the reasonable market rate for copies is $.10 to $.15 cents. *See, e.g., Somogy v. Astrue*, No. 3:08-cv-269-J-TEM, 2011 WL 250575, at *8 (M.D. Fla. Jan. 25, 2011) ("In the experience of this Court, the local market rates for copying large legal documents ranges from $.10 per page to $.15 per page."); *see also Monelus*, 609 F. Supp. 2d at 1336 (discussing cases indicating that $.10 to $.15 cents per page is a reasonable rate). In light of this, the $.20 per copy sought by Jax Lanes is unreasonable without further factual allegations supporting the increased rate. *See Monelus*, 609 F. Supp. 2d at 1336 (citing *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007)). Accordingly, Jax Lanes should recover $89.85 (599 copies x $.15/copy) in miscellaneous photocopy costs.

### *Witness Fees*

Jax Lanes further seeks to tax $92, or $46 each, for costs associated with its witnesses. Motion to Tax Costs, Ex. A. There is no doubt witness fees are generally recoverable under section 1920. 28 U.S.C. § 1920(3); *see also Spatz*, 2012 WL 1587663, at *3. Nevertheless, witness fees are restrained by 28 U.S.C. § 1821(b), and courts have no discretion to disregard the plain text of such a statute. *See Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 735 (5th Cir. 1979) ("Nothing over the statutory amount is

recoverable.").[3]

At the current time, witness fees are limited to $40 per day, per witness. *See* 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."). Jax Lanes seeks to recover $46 for each witness and has not provided any reason, such as travel, explaining why the additional $12 is justified. *See, e.g.*, 28 U.S.C. § 1821(b)-(d) (detailing other permissible witness fees). Accordingly, Jax Lanes' request to tax the witness fees should be granted insofar as the statute allows; thus, Jax Lanes should recover the statutory maximum of $40 for each of the witnesses. *See, e.g.*, *Spatz*, 2012 WL 1587663, at *3 (reducing witness fee by amount it exceeded statutory maximum).

*Mediation Fees*

Jax Lanes seeks $430 in costs stemming from a court ordered mediation. Motion to Tax Costs, Ex. A. Absent a more specific statute authorizing prevailing party costs, section 1920 delineates the scope of recoverable costs pursuant to Rule 54(d), Fed. R. Civ. P. *See Williams v. H. Lee Moffitt Cancer Center and Research Institute, Inc.*, No. 8:09-cv-784-T-33TGW, 2011 WL 2160550, at *1 (M.D. Fla. Jun. 1, 2011). Within that scope, the recovery of costs associated with mediation is nowhere to be found. *See* 28 U.S.C. § 1920. Thus, mediation costs, even if court ordered, are not recoverable under section 1920. *See Gary Brown & Assoc., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 845-46 (11th Cir. 2011) ("Specifically, GBA's requests for mediation expenses . . . are not included under § 1920.") (citations omitted); *Williams*, 2011 WL 2160550, at *1 (discussing cases); *see*

---

[3] Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

7

*also Bianchi v. Bronson & Migliaccio, LLP*, No. 09-61164-CIV, 2011 WL 378115, at *8 (S.D. Fla. Feb. 2, 2011). Further, assuming arguendo this Court possessed the discretion to tax the costs of the mediation, a denial of the costs of mediation would nonetheless be in order given the strong policy that "[mediation] expenses should be shared equally by the parties to promote good faith mediation without financial concerns for the costs of resolving a case." *See Rivera Santiago v. Wm. G. Roe & Sons, Inc.*, No. 8:07-cv-1786-T-27MAP, at *2 (M.D. Fla. July 28, 2010); *see also Bianchi*, 2011 WL 378115, at *8 ("Furthermore, this rule has been applied to court-ordered mediation, with the supplemental rationale that equal burdening promotes good faith mediation while reducing financial concerns.") (citations omitted). Accordingly, Jax Lanes' claim for the cost of mediation should be denied.[4]

*Record Retrieval Fees*

As with depositions and photocopies, section 1920 permits the recovery of costs associated with gathering copies of records so long as they are necessary for use in the case. 28 U.S.C. § 1920(4); *Lovett v. KLLM, Inc.*, No. 4:05-CV-026-RLV, 2007 WL 983192, at *6 (N.D. Ga. Mar. 26, 2007). While it is preferable that parties provide the greatest specificity possible in requesting costs, a lack of specificity is not *per se* fatal. *See, e.g.*, *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570-71 (N.D. Ga. 1992) (finding lack

---

[4] The Court notes that there is a split within the Eleventh Circuit as to whether mediation costs are recoverable as attorney's fees. *See Gonzalez v. Grainger Farms, Inc.*, No. 2:09-CV-00716-36DNF, 2011 WL 5834629, at *2 (M.D. Fla. Nov. 21, 2011) (discussing split). However, Jax Lanes' motion only pertains to taxation of costs pursuant to 28 U.S.C. § 1920, and not to recovery of attorney's fees. Accordingly, this Court limits its consideration on this issue only to the question of whether section 1920 permits recovery of mediation costs.

of itemization was not fatal to request for costs where plaintiff failed to show the disputed records were not necessary). Thus, given the presumption in favor of awarding costs, where considerations such as the record as a whole, the arguments–or lack thereof–of the opposing party, and the stage of litigation in which the case ended weigh in favor of awarding costs, courts have awarded the costs. *See Luka v. City of Orlando*, No. 6:07-cv-841-Orl-22GJK, 2011 WL 4837263, at *7, *10 (M.D. Fla. Sept. 23, 2011) (finding that a presumption in favor of awarding costs existed where both parties were aware of the record, and that the record as a whole was a sufficient indicator of a document's necessity); *Lovett*, 2007 WL 983192, at *6 (holding cost of medical record retrieval recoverable where the record clearly indicated the necessity of the records); *Helms*, 808 F. Supp. at 1570-71 (finding the stage of litigation the case ended at–summary judgment–and the lack of argument from plaintiff as to why the medical records costs should not be awarded weighed in favor of awarding costs).

Here, the description of the records retrieved from the Tax Collector's office is sufficient and recoverable. Because the case stemmed largely from an incident that involved police intervention (*See* Complaint), it is not unreasonable that Jax Lanes could have believed that it was necessary to obtain copies of the police report. The document's description as well as its origin are sufficient to specify the nature of the record retrieved and its use to the case. Moreover, the medical records costs sought by Jax Lanes are also recoverable. As in *Helms*, the lack of specificity with regards to the medical records here does not warrant a finding that these costs may not be awarded as Plaintiff has failed to mount an opposition, much less explain why the records were not necessary. *See Helms*, 808 F. Supp. at 1570-71. Additionally, as in *Helms*, the litigation here ended in summary

judgment; thus, the records could have been used in the case at a later point. *Id.* Accordingly, the requested $238.94 is recoverable.

**Conclusion**

Accordingly, it is hereby **RECOMMENDED** that Jax Lanes' Amended Verified Motion to Tax Costs (Doc. #87) be **GRANTED TO THE EXTENT** Jax Lanes is awarded costs in the amount of $2,620.69 ($2,211.90 for depositions, plus $89.85 for miscellaneous photocopies, plus $80 for witness fees, plus $238.94 for records retrieval).

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of July, 2012.

Copies to all counsel of record.

THOMAS E. MORRIS
United States Magistrate Judge